UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CARLOS DIAZ,

    Petitioner,

v.

STEPHEN SINCLAIR,

    Respondents.

Case No. C17-1412-RAJ-JPD

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Carlos Diaz is a state prisoner who is currently confined at the Washington Corrections Center in Shelton, Washington. He has presented to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] The Court, having reviewed the petition, and the materials submitted in support thereof, concludes that petitioner's federal habeas petition should be dismissed for failure to exhaust his state court remedies.

---

[1] Petitioner filed his petition on a form entitled "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241," but he altered the form to indicate his intent to file the petition under § 2254. In any event, since petitioner is a state prisoner, § 2254 is the only avenue available to him to challenge the constitutionality of his detention. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546, 552–54 (9th Cir. 2010) (en banc))

REPORT AND RECOMMENDATION
PAGE - 1

## BACKGROUND

On September 18, 2017, the Court received the instant federal habeas petition for filing, via e-mail, from the prison where petitioner is currently confined, pursuant to the Court's Prisoner E-Filing Initiative. *See* Dkt. 1. On September 22, 2017, the Court received an identical petition from petitioner via the U. S. Mail which was assigned case number C17-1446-JLR-BAT. On October 10, 2017, and again on October 11, 2017, the Court received notices from petitioner acknowledging the duplication and asking that the second action, C17-1446, be dismissed and that he be permitted to proceed with the instant action. *See* Dkts. 6, 8. *See also*, C17-1446-JLR, Dkts. 7, 8.

On October 11, 2017, the Honorable Brian A. Tsuchida, United States Magistrate Judge, issued a Report and Recommendation in case number C17-1446-JLR-BAT, recommending that the case be dismissed, *with* prejudice, on the grounds that petitioner's claims were unexhausted and procedurally barred. *See* C17-1446-JLR, Dkt. 6. On October 13, 2017, the Honorable James L. Robart, United States District Judge, issued an Order of Dismissal in that action noting petitioner's request for dismissal, but also adopting Judge Tsuchida's Report and Recommendation and dismissing the action *without* prejudice as procedurally barred. *Id.*, Dkt. 9. That Order was entered on October 17, 2017, and judgment was entered the same day. *See id.*, Dkts. 9, 10.

Because the petition filed in this action is identical to that filed in case C17-1446-JLR, this action might most appropriately be dismissed as duplicative. However, given that petitioner's prior case was dismissed, at least in part, based on petitioner's request that the case be dismissed so he could proceed with this action, the Court deems it necessary and appropriate to briefly address the substance of the petition.

REPORT AND RECOMMENDATION
PAGE - 2

## DISCUSSION

Petitioner asserts in his petition that on January 21, 2015, he entered a plea of guilty to a charge of assault in the third degree. Dkt. 1-1 at 7. He was sentenced on January 30, 2015 to a term of thirty-three months confinement, and he did not appeal either his conviction or his sentence. *See id*. Petitioner was released from prison on February 5, 2016. However, because his original judgment and sentence failed to include a term of community custody, he was ordered to return to court after his release. *Id*. at 10. Petitioner returned to court on March 22, 2016, and the state court judge amended his judgment and sentence to include a term of 12 months of community custody. *Id*. at 11.

Petitioner was arrested again several months later and was charged with robbery in the second degree. *Id*. Petitioner subsequently entered a guilty plea to a reduced charge, and was released from confinement shortly thereafter upon receiving credit for time already served in custody on the robbery offense. Following his release from custody on the robbery charge, petitioner reported to his community custody officer and was immediately taken into custody for violating the conditions of his supervision in the assault case. *Id*. at 12. Petitioner's community custody was revoked and petitioner was returned to prison to serve an additional 500 days of imprisonment. *See id*. at 12-13, 44-52.

Following the revocation of his community custody, petitioner filed a personal restraint petition in the Washington Court of Appeals.[2] *See id.* at 16, 44. The Court of Appeals issued an order terminating review on April 20, 2017, and thereafter issued a certificate of finality on June

---

[2] This Court takes judicial notice of petitioner's appellate case history located on the Washington Courts case records website, http://dw.courts.wa.gov.

REPORT AND RECOMMENDATION
PAGE - 3

23, 2017. *Id*. at 44. Petitioner did not seek review of the Court of Appeals' decision in the Washington Supreme Court.

Petitioner is currently serving the term of confinement imposed following the revocation of his community custody. Petitioner alleges in his petition that the Washington Department of Corrections is acting without lawful authority in confining him because (1) the term of community custody imposed in his assault case was improper given that it was not imposed at the time he was originally sentenced in that case, and (2) the Washington Department of Corrections miscalculated the amount of time he should serve. *See id*. at 8-9.

A state prisoner is required to exhaust all available state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

While petitioner apparently challenged his current confinement by way of a personal restraint petition in the Washington Court of Appeals, it does not appear that he ever sought review in the Washington Supreme Court of the Court of Appeals' denial of his claims. Because petitioner never presented his claims to the Washington Supreme Court as is required to achieve proper exhaustion, his claims are not eligible for federal habeas review and his petition must therefore be dismissed.

REPORT AND RECOMMENDATION
PAGE - 4

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter.

## CONCLUSION

For the reasons set forth above, this Court recommends that petitioner's petition for writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies. This Court further recommends that petitioner's application for leave to proceed *in forma pauperis* and his motion to expedite this proceeding be stricken as moot. Finally, this Court recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **November 23, 2017**. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **November 24, 2017.**

REPORT AND RECOMMENDATION
PAGE - 5

This Report and Recommendation is not an appealable order. Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 2nd day of November, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge